576 June 10, 2026 No. 542

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD DONALD HENLEY,
*Defendant-Appellant.*

Polk County Circuit Court
24CR18467, 24CN01619; A185230 (Control), A185207

Monte S. Campbell, Judge.

Submitted on May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for tampering with a witness, disorderly conduct, and criminal mischief. On appeal, he contends that the trial court abused its discretion when it admitted, over his objection, a video of defendant breaking the victim's phone. In his view, the trial court should have excluded the video under OEC 403. We conclude that the trial court properly exercised its discretion and affirm.

We review a decision to admit evidence over an OEC 403 objection for abuse of discretion, deferring to a trial court's decision unless it was "not justified by, and clearly against, evidence and reason." *State v. Sewell*, 257 Or App 462, 469, 307 P3d 464, *rev den*, 354 Or 389 (2013). The record reflects that the victim called the police after defendant took her phone and stomped on it, breaking it. The victim's phone was recording a video as defendant was breaking it. After the state charged defendant for breaking the victim's phone, defendant told the victim to testify that she was "off [her] medication," that "everything was a lie," and that he had "dropped the phone." Defendant "bugged" her "every day, all day long" and told her that her house could "accidentally" burn down if she did not testify in his favor. The state charged defendant with witness tampering.

At trial, defendant maintained that he had simply tried to convince the victim to testify truthfully at trial, not falsely. To show that defendant was trying to get the victim to testify falsely as relevant to the witness tampering charge, the state offered the video recording from the victim's phone that showed that defendant had, in fact, broken the victim's phone. In other words, the video would reflect that, despite defendant's efforts to get the victim to testify that he had "dropped" the phone, he had actually grabbed it and then "stomped" on it. Defendant argued that the trial court should exclude the video under OEC 403; the trial court concluded that the video was relevant and not unfairly prejudicial.

On appeal, defendant contends that the trial court abused its discretion because, although relevant, the video was unfairly prejudicial because it portrays defendant as a

"cruel and narcissistic individual."[1] Although there may be some risk—and thus some prejudice—to defendant given the content of the video, we cannot say that the trial court abused its discretion in concluding that the video was not *unfairly* prejudicial. *State v. Lyons*, 324 Or 256, 280, 924 P2d 802 (1996) (evidence is unfairly prejudicial when it has "an undue tendency to suggest a decision on an improper basis, commonly, although not always, an emotional one," and "describes a situation in which the preferences of the trier of fact are affected by reasons essentially unrelated to the persuasive power of the evidence to establish a fact of consequence"). That holds particularly true given that the video was highly relevant to the witness tampering charge.

Affirmed.

---

[1] Defendant also contends that the video was likely to confuse the jury with respect to the criminal mischief charge at issue during the trial. Defendant did not raise this argument below and we therefore do not address it on appeal.